## No. 12,002.

## PLESTED, ET AL. *v.* EASTON.

Decided January 16, 1928. Rehearing denied February 14, 1928.

Plaintiffs in error were adjudged guilty of contempt for failure to comply with an order of court.

## *Reversed.*

## *On Application for Supersedeas.*

1. CORPORATIONS—*Capital Stock—Transfer.* Where capital stock of a corporation was held subject to a contract for its surrender and cancellation, under the facts disclosed, an assignee thereof obtained only the right to have the stock issued to him subject to the conditions imposed by the contract, of which he had notice.

*Error to the District Court of Las Animas County, Hon. A. C. McChesney, Judge.*

Messrs. McHENDRIE & SHATTUCK, for plaintiffs in error.

Mr. FRANK H. HALL, for defendant in error.

*En Banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter refer to them as there.

The Bear Canon Coal Company was originally a party defendant. Defendant Beuchat is its president and defendant Plested its secretary and treasurer. They were adjudged in contempt for refusal to issue to plaintiff a certificate of stock in said company and were sentenced to jail until they complied with the order. To review that

judgment they bring error and ask that the writ be made a supersedeas.

Plaintiff brought mandamus, alleging that he had bought the stock in question from his father, N. B. Easton, and pleaded facts supporting his right to the transfer. An alternative writ was issued to which defendants made return alleging, among other things, a contract to which plaintiff's assignor was a party, by the terms whereof it was agreed that the stock in question should be surrendered and cancelled, and that plaintiff bought with full knowledge thereof. This defense was denied by replication. Neither the opening statements of counsel on the trial of that cause, nor the remarks of the court relative thereto, were taken by the reporter. It is now contended, however, that these were to the effect that if plaintiff. established the transfer to him he would have a conditional title to the stock in question, notwithstanding the contract alleged in the answer, and to the extent of that conditional title would be entitled to the issuance of the certificate in question, and that the court indicated, and counsel acquiesced, that the defense of the contract could not be heard in that action. Thereupon plaintiff established the transfer. During the course of this evidence, and when the question of the alleged contract was touched upon, counsel for plaintiff objected and the court remarked, ''It occurs to me the evidence being elicited now is probably to be used in some other kind of an action but not pertaining to this one,'' to which counsel for defendants answered, ''Well, I think that is probably correct.'' Once more defendants' attorney attempted to enter this field and an objection was sustained. No exceptions were saved to either ruling. Defendants introduced no evidence and at the close of the trial the court said: ''There is nothing else to be done but order that this alternative writ be made permanent. That of course won't affect any contract, but merely transfers the interest of one party to another in this stock.'' The final decree commanded defendants ''to issue to the plain-

tiff, W. E. Easton, a certificate for ten shares of the capital stock in the Bear Canon Coal Company, in lieu of a certificate of ten shares of stock under number eighty (80), issued to one, N. B. Easton." When plaintiff again demanded of defendants his certificate they tendered him one in the usual form but bearing the following endorsement on its back: "This certificate is issued in lieu of certificate No. 80, issued to N. B. Easton, and is subject to all the terms, conditions, limitations and burdens imposed upon and attached to the stock represented by said certificate No. 80, under the agreement entered into April 19, 1917 by and between the said N. B. Easton and the purchasers of the treasury stock of this company."

Plaintiff declined to accept the certificate so endorsed and proceeded against said defendants in contempt. On that hearing they asserted that plaintiff was entitled to nothing more under the judgment, but finally tendered him a certificate endorsed as follows: "This certificate is issued in lieu of certificate No. 80, issued to N. B. Easton, and it is contended by the officers of the company that it is subject to all the terms, conditions, limitations and burdens imposed upon and attached to the stock represented by said certificate No. 80, under the agreement entered into April 19, 1917, by and between the said N. B. Easton and the purchasers of the treasury stock of this company. This contention is denied by the holder of certificate No. 80 and the holder hereof." This certificate, so endorsed, plaintiff also refused. Defendants declined to issue any other and the court thereupon gave judgment against them.

If the contract set out in defendants' answer to the alternative writ was executed and existing, and plaintiff bought with knowledge thereof, he obtained only a conditional interest in the stock in question and was entitled to nothing more than the last tendered certificate; otherwise he was entitled to a certificate in the usual form, without qualification or endorsement. As that contract and plaintiff's knowledge were material in adjudicating

his remedy we are unable to understand the basis of his objections thereto or the ruling of the court sustaining those objections. True, defendants saved no exceptions and took no steps to have the judgment reviewed and have now, perhaps, lost their right to do so, but the defense being material and excluded by the request of plaintiff's counsel, and clearly disregarded by the court in giving judgment, we must interpret the language of the decree "in lieu of a certificate" as entitling plaintiff to nothing more than a transfer to him of the title of his assignor. The last certificate tendered complies with said decree as so interpreted. If there be any doubt of this the objection of plaintiff's counsel, resulting in excluding the defense, bars the remedy here sought.

The judgment is accordingly reversed, with directions to the trial court to discharge defendants upon their issuing to said plaintiff the last tendered certificate with its endorsement, and to enter judgment accordingly.